### HALL v. GENERAL TIRE & RUBBER CO., et al.

No. 71-C-5239.

Circuit Court, Palm Beach County.

February 24, 1976.

J. J. Goodmark, West Palm Beach, and William S. Frates, Miami, for the plaintiff.

Frank C. Cibula, Jr., West Palm Beach, and Theodore R. Hainline, Fort Lauderdale, for the defendants.

TIMOTHY P. POULTON, Circuit Judge.

This matter was heard upon plaintiff's motion for equitable distribution, involving the extent of reimbursement to a workmen's compensation carrier for benefits paid to the plaintiff. It was agreed that the carrier has paid or is currently obligated to pay a total of $28,600 in benefits. It may be required in the future to pay additional sums, but the amount of the same is speculative, and, accordingly, not considered by the court on this motion.

The third-party claim against defendants has been settled for $45,000. The liability insurance available for payment of this third-party claim is in the amount of $50,000.

The governing statute is F.S.440.39.

The evidence shows that if the case were one of clear liability, the case would be "worth" approximately $200,000, but that the factor of comparative negligence reduces the value of the case by about 50%.

This judge's analysis concerning the apportionment of benefits is as follows —

1. Determine what percent of the gross recovery will be net recovery. In this case the net recovery is 3/5ths of gross. Apply this fraction as one factor against the $28,600. So, first take 3/5ths of $28,600.

2. This step in the computation presents the most difficult question. If we were dealing with a case of high policy limits and 100% liability, would the carrier be entitled (after allowing for fees and costs) to receive credit for 100% of its payments out of a recovery that exceeds the amount of the compensation payments? This is answered by the language of F.S. 440.39(3)(a), which allows at most a 50% recovery. Accordingly, at this point the amount of recovery by the carrier is reduced by one-half.

3. Next, a factor of 45/200ths should be applied in order to give effect to the other criteria stated in F.S. 440.39(3)(a).

Under the illustration given above, then, the recovery by the carrier would be computed —

$$3/5 \times \tfrac{1}{2} \times 45/200 \times \$28,600 = \$1,930.50$$

Thus, the carrier is entitled to equitable distribution in the amount of $1,930.50.